UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHNNY ROGERS,
   Plaintiff,

vs.                                                          No. 09-1297

MICHAEL RANDLE, et.al.,
   Defendants

## CASE MANAGEMENT ORDER

      This cause is before the court for case management and consideration of the defendants motions for summary judgement. [d/e 27, 30]

### I. BACKGROUND

      The plaintiff, a state prisoner, filed his complaint pursuant to 42 U.S.C. §1943 on August 27, 2009, against five defendants from Pontiac Correctional Center including: Illinois Department of Corrections Director Michael Randle, Assistant Warden Marcus Hardy, Medical Director Sylvia Mahone, Medical Technician John Birkel and Warden Guy Pierce.

      On August 31, 2009, the court conducted a merit review of the complaint and found that the plaintiff had adequately alleged that the defendants were deliberately indifferent to his serious medical condition. Specifically, the plaintiff stated that he was refused care for a bullet that had lodged in his shoulder. During a subsequent hearing, the plaintiff explained that he was shot in the shoulder approximately 38 years ago. The bullet was never removed and apparently only recently began to cause problems. *See* December 3, 2009 Minute Order.

      The court also noted that there was some question as to whether the plaintiff has properly exhausted his administrative remedies, and the court encouraged the defendants to file a motion for summary judgement if they believed the plaintiff had not passed this initial hurdle. *See* December 3, 2009 Minute Order. The defendants all filed dispositive motions based on failure to exhaust administrative remedies. [d/e 27, 30]

      The plaintiff then filed a motion asking for pain medication and medical care for his shoulder. However, the plaintiff had named individuals who were not defendants in the lawsuit. In addition, the court noted that the plaintiff has already informed the court that he had received X-rays and treatment for his condition. *See* May 25, 2010 Text Order. The plaintiff's motion was denied and on is own motion, the court gave the plaintiff additional time to file a response to

1

the pending dispositive motions.

The next day, the plaintiff died after having a heart attack while playing basketball. [d/e 34].

## II. SUGGESTION OF DEATH

Defendant Mahone filed a Suggestion of Death on May 27, 2010. Federal Rule of Civil Procedure 25(a)(1) provides that if a party dies, the action shall be dismissed as to the deceased party, unless substitution is made within 90 days of the service of a suggestion of death. Fed.R.Civ.P. 25(a)(1). "The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim." *Gruenberg v. Maricopa County Sheriff's Office,* 2008 WL 2001253 at 1 (D.Ariz. May 07, 2008).

In the case before the court, Defendant Mahone provided the Suggestion of Death to the court, counsel for the remaining defendants and served the notice on the deceased plaintiff's last known residence at Pontiac Correctional Center. At least one district court has found that this service is sufficient. *Chobot v. Powers*, 169 F.R.D. 263, 267 (W.D.N.Y.1996). In *Chobot*, the court found that due to the difficulty in finding a representative who could be appointed when a pro se prisoner-plaintiff died, the defendants were only required to serve the statement of death upon the deceased prisoner at his last known correctional facility address to trigger the 90-day period. *Chobot,* 169 F.R.D. at 267. The district court held that requiring defendants to do more would be unduly burdensome. *Id.* (*citing Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 317-18 (1950) ("impracticable and extended searches are not required in the name of due process").

There is no requirement that a suggestion of death identify a party to be substituted in order to trigger the 90 day period for substitution. However, some courts have required more from the individual filing the notice. *Merit Ins. Co. v. Colao,* 1986 WL 9543 (N.D. Ill. Aug 27, 1986)(suggestion of death is ineffective if name of executor is readily available to person filing statement and it is not included);*Kessler v Southeast Permanente Med. Group*, 165 FRD 54 (E.D.N.C. 1995)(suggestion must identify successor to estate); *Dummar v Lummis*, 2007 Wl 4623623 (D.Nev. Dec 26, 2007).

In this case, Defendant Mahone filed the Suggestion of Death the day after the plaintiff died with no successor or representative named and no evidence that any effort was made to identify a potential successor or representative. Ordinarily, the court might require more information to trigger the 90 day period. However, in this case, the court finds that requiring additional information would be futile because there is clear evidence that the plaintiff did not exhaust his administrative remedies as required.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The defendants have each filed motions for summary judgement alleging that the plaintiff did not exhaust his administrative remedies.[d/e 27, 30]  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001).  The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002).

If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default.  *Pozo,* 286 F.3d at 1025.

The defendants have provided an affidavit from Jackie Miller, Chairperson of the Administrative Review Board (herein ARB). (Def. Memo, Miller Aff., p. 1). Miller says she has searched the ARB records for any grievance appealed by the plaintiff naming Defendants Randle, Hardy, Birkel or Pierce concerning his medical care.  Miller has provided a copy of the only two grievances concerning medical care, but neither addresses the issues or defendants in the complaint.

In a grievance dated July 28, 2008, the plaintiff states that he is not receiving the proper follow up care after he had "a heart operation (angoplasti)." (Def. Memo, Group Ex.A).  The plaintiff is asking for "the diagnostic treatment ordered by the cardiac specialist." (Def. Memo, Group Ex.A)

The ARB found the plaintiff's request for a stress test had been "appropriately addressed by the institutional administration" and found the grievance was moot. (Def. Memo, Group Ex.A).   Based on the attached documentation, the originally scheduled test had to be postponed, but was rescheduled.

In a prior grievance dated March 27, 2005, the plaintiff complains that he was not given

proper treatment for an ulcer and he had developed a bacterial infection in his stomach. This grievance was also denied. Jackie Miller says there are no other grievances on record in the ARB concerning the plaintiff and any medical complaints.

There is no evidence that the plaintiff appealed any grievance concerning the claims in his complaint before filing this lawsuit. The court notes that while the court gave the plaintiff additional time to file a response to the defendants motion, the plaintiff had already provided a letter in response to the court's first order which questioned whether he had exhausted his administrative remedies. December 3, 2009 Minute Order.

The plaintiff's December 16, 2009, letter stated that he had filed a grievance concerning the issues in his complaint. [d/e 17] The plaintiff attached a copy of the grievance dated August 14, 2009 which alleged that Defendant Mahone had refused to allow the plaintiff treatment to remove the bullet from his shoulder. The plaintiff said the bullet had moved and was causing him pain. (Plain. Letter) The court notes that the plaintiff filed this lawsuit just two weeks later on August 27, 2009. The plaintiff could not have properly exhausted his remedies within that time frame. A court may dismiss a claim if it is plain from the face of the complaint that the plaintiff failed to exhaust his administrative remedies. *Walker v Thompson,* 288 F.3d 1005, 1009-10 (7th Cir. 2002). Its clear from the documents submitted by the plaintiff that he did not exhaust his administrative remedies before filing his lawsuit. Therefore, the motions for summary judgement are granted. [d/e 27, 30]

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motions for summary judgment are granted. [d/e 27, 30 ]. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed. R. Civ. P. 56. The case is terminated. The parties are to bear their own costs.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g)**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from**

**the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 27th day of August, 2010.

\s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE